```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

JAMIL SHARIF * CIVIL ACTION

VERSUS * NO: 08-4891

NEW ORLEANS METROPOLITAN * SECTION: "D"(1)
CONVENTION & VISITORS
BUREAU, INC., ET AL

## ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion to Dismiss. or in the Alternative, Motion for Summary Judgment" (Doc. No. 5)** filed by Defendant, the New Orleans Metropolitan Convention Visitors Bureau (NOMCVB); and

(2) **"Motion to Dismiss" (Doc. No. 9)** filed by Defendant, Jazzercise, Inc.

Plaintiff, Jamil Sharif, filed memoranda in opposition to these motions. The motions, set for hearing on Wednesday, March 11, 2009, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motions should be treated as motions for summary judgment, and they should be

granted.

## I. Background

In his Complaint, Plaintiff alleges that the NOMCVB placed a photograph of Plaintiff on its internet website and "granted permission to other parties including defendant Jazzercise to use Plaintiff's image." (Complaint at ¶7). Plaintiff sues both the NOMCVB and Jazzercise asserting federal claims under the Lanham Act, 15 U.S.C. §§1051 *et seq.*, for unfair trade practices, unfair competition and misappropriation (Complaint at ¶¶), and state law claims for unjust enrichment, unfair competition and misappropriation (Complaint at ¶¶21-23).

Plaintiff further alleges that "on or about early **October, 2007** Plaintiff became aware that Defendant Jazzercise was using Plaintiff's image of their website promoting their July 2008 New Orleans Convention." (Complaint at ¶13, emphasis added). Plaintiff also alleges that:

> on or about November, 2007 Plaintiff found his photo on NOMCVB's website. NOMCVB was granting permission to others including Defendant Jazzercise, to download and use Plaintiff' image, all without authorization and payment to the Plaintiff and thereby have been engaging in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable harm. Plaintiff's photo remained on NOMCVB's website for downloading until early 2008.

(Complaint at ¶14).

Plaintiff filed this suit more than one year later on **November 13, 2008.**[1] Both Defendants, NOMCVB and Jazzercise, argue in their motions that Plaintiff's claims are prescribed and therefore should be dismissed.

## II. Legal Analysis

### (A) Plaintiff's federal claims under the Lanham Act have a one-year prescriptive period.

Section 43(a) of the Lanham Act imposes liability where a person places into commerce a good or service containing a false designation of origin. 15 U.S.C. § 1125. Since the Lanham Act contains no limitations period for claims alleging unfair competition, the court looks to the "most appropriate" or "most analogous" state statute of limitations for purposes of prescription. *Curtis v. Benson*, 959 F.Supp. 348, 353 (E.D.La 1997)(Schwartz, J.).

Since the federal policy underlying the Act is "to protect persons engaged in ... commerce against unfair competition" and "to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of

---

[1] In its motion, Defendant NOMCVB points out that, in letters dated October 29, 2007 and November 5, 2007, Plaintiff's attorney informed NOMCVB that Plaintiff found pictures of himself on NOMCVB's website that he wished NOMCVB would remove. (*See also* fn. 3, *infra*). The filing of Plaintiff's Complaint on November 13, 2008 is over a year from either the October 29, 2007 or November 5, 2007 dates on the letters from Plaintiff's attorney.

3

registered marks," the most analogous prescriptive period for Plaintiff's federal Lanham Act claims for unfair trade practices and unfair competition is the one-year prescriptive period for fraud under Louisiana law. *Id*. at 354 ("not limiting Plaintiff's Lanham Act claims to the narrow one-year peremptive period applicable to LUTPA claims").[2]

The most analogous prescriptive period for a federal Lanham Act claim of misappropriation is the one-year prescriptive period of Louisiana Civil Code Article 3492 for torts, including the tort for invasion of privacy. *See Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386, 1388 (La. 1979)(one "type of invasion [of privacy] takes the form of the appropriation of an individual's name or likeness, for the use or benefit of the defendant").

**(B) Plaintiff's state law claims have a one-year prescriptive period.**

The Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 *et seq.*, governs claims of unfair trade practices and unfair competition. Pursuant to LSA-R.S. 51:1409(E), "[t]he action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave

---

[2] In Louisiana, a peremptive period does not allow for tolling, interruption or suspension, whereas a prescriptive period allows for tolling when an injury is not readily discoverable. *State Board of Ethics v. Ourso*, 842 So.2d 346, 349 (La. 2003). Under the facts of this case, it makes little difference whether a prescriptive or peremptive period of one year applies because the application of either period results in time-barred claims.

4

rise to this right of action." LSA-R.S. 51:1409(E).

Plaintiff's misappropriation claim is a claim for the tort of invasion of privacy, which is subject to the one-year prescriptive period of Louisiana Civil Code Article 3492. Plaintiff's claim for unjust enrichment, which is based on the same set of facts that Plaintiff relies on for his claims of unfair competition and misappropriation, is also subject to a one-year prescriptive period of Louisiana Civil Code Article 3492.

**(C) All of Plaintiff's claims are untimely.**

Plaintiff's claims accrued "on or about early October, 2007" when "Plaintiff became aware that Defendant Jazzercise was using Plaintiff's image of their website promoting their July, 2008 New Orleans Convention." (Complaint at ¶13). Since all of Plaintiff's claims are subject to a one-year prescriptive period under LSA-R.S. 51:1409(E) and Louisiana Civil Code Article 3492, they are all perempted and/or prescribed since suit was not filed until November 13, 2008.

**(D) Plaintiff has failed to meet his burden of showing the applicability of the continuing tort doctrine.[3]**

In his opposition, Plaintiff argues that the Defendants' "conduct was continuous and gives rise to damages successively

---

[3] Plaintiff does not allege a continuing tort in his Complaint, but argues the continuing tort theory in his opposition memoranda.

5

occurring from day to day until July 13th, 2008 the last day of the [Jazzercise Tres Jazz Convention in New Orleans on July 10-13, 2008]. The true date when prescription begins to run in this matter is July 13th, 2008 the date the Jazzercise Convention ended, not October 29, 2007 or November 5, 2007 as the [NOMCVB] alleges." (Plaintiff's Opp., Doc. No. 10-3, p. 6).

Under the continuing tort doctrine, when "the tortious conduct **and** the resulting damages continue, prescription does not begin until the conduct causing the damage is abated." *South Central Bell Tel. Co. v. Texaco, Inc.*, 418 So.2d 531, 533 (La. 1982)(emphasis added). "[A] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." *Miller v. Conagra, Inc.*, 991 So. 2d 445, 456 (La. 2008), *citing Crump v. Sabine River Authority*, 737 So.2d 720, 727-28 (La. 1999).

Here, the "operating cause" of Plaintiff's alleged injury was Defendants' placing Plaintiff's image on their respective websites on dates more than a year before suit was filed. *Miller*, 991 So. 2d at 456. Such acts were "not continuous" regardless of whether their "ill effects" continued until the Jazzercise convention was held in July 2008, or even if Plaintiff's image remained on the NOMCVB's website on or beyond the date suit was filed, because no discrete, tortious act occurred after November 5, 2007 (the date

6

Plaintiff's attorney wrote the NOMCVB about the second picture of

Plaintiff found on the NOMCVB's website).[4]  *Id*.  Thus, because

---

[4] In his opposition memorandum to the NOMCVB's motion, Plaintiff states that: "[t]housands of members of the Jazzercise organization around the world received the Tres Jazz e-mail, flyer (dated July 10-13th, 2008) with Plaintiff's image on it or visited their website." (Doc. No. 10-3, pp. 5-6). However, Plaintiff offers no evidentiary support of this statement.

On the other hand, in support of its motion, the NOMCVB offers the Affidavit of Steve Moeller, the Vice President of Finance and Administration of the NOMCVB, who states in part:

> In a letter dated October 29, 2007, ..., Mr. Sharif's attorney informed NOMCVB that Mr. Sharif had noticed his image on NOMCVB's website, whereupon NOMCVB immediately complied with his request.
>
> In a subsequent letter dated November 5, 2007, ..., plaintiff's attorney informed NOMCVB that he found another picture of Mr. Sharif on NOMCVB's website that he wished to have NOMCVB remove, whereupon NOMCVB again complied.

(Moeller Affidavit, Doc. No. 5-5 at ¶¶ 67).

It is not clear from the record when the NOMCVB removed the second picture of Plaintiff. But it is uncontested that Plaintiff knew about this second picture on November 5, 2007.

In support of its motion, Jazzercise has offered the Affidavit of Sally Baldridge, the Chief Operating Officer of Jazzercise, who states in part:

> 4. [A letter dated October 9, 2007 from Plaintiff's attorney] brought to Jazzercise's attention Mr. Sharif's complaint that Jazzercise did not have permission to use his image on Jazzercise's website to advertise the 2008 "Tres Jazz" convention in New Orleans.
>
> 5. Following receipt of the October 9, 2007 letter from [Plaintiff's attorney] and further discussion with him, Jazzercise removed Mr. Shariff's image from Jazzercise's website on October 16, 2007.
>
> . . .
>
> 10. No flyer, postcard, brochure or other tangible material for the 2008 "Tres Jazz" convention in New Orleans included Mr. Sharif's image.
>
> 11. Jazzercise did not send e-mails containing Mr. Shariff's image in connection with the 2008 "Tres Jazz" convention in New Orleans after Mr. Shariff's image was removed from the Jazzercise website on October 16, 2007.
>
> 12. Mr. Sharif's image was used by Jazzercise only on its website, as shown in Exhibit 1 to Mr. Sharif's complaint.

Plaintiff does not show, or even allege, that Defendants took any actions or engaged in any wrongful conduct during the year prior to the filing of the Complaint, the continuing tort theory is inapplicable and the commencement of the Plaintiff's limitation period cannot be extended through July 2008. *Makedwke Publishing Co. v. Johnson*, 37 F.3d 180, 182 (5th Cir. 1994).[5]

Finally, Plaintiff argues in his opposition to the NOMCVB's motion that "it is unknown the extent of which NOMCVB has distributed the Plaintiff's images. It is also unknown if Plaintiff's image is currently being used by other entities." (Plaintiff's Opp., Doc. No. 10-3 at p. 6). However, Plaintiff makes no allegation in his Complaint that the NOMCVB distributed Plaintiff's image within a year of his suit and offers no summary judgment evidence in support of this argument. Further, Plaintiff has not submitted a Rule 56(f) Affidavit to support a continuance of the NOMCVB's motion.

---

(Baldridge Affidavit, Doc. No. 15-4).

[5] In arguing that the continuing tort doctrine should apply in this case, Plaintiff relies on *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983). But in *Makedwde*, the Fifth Circuit rejected *Taylor's* expanded continuing tort theory saying "[t]he *Taylor* court seems to have expanded the definition of infringement to include a defendant's actions outside the limitations period which continue to cause harm to the plaintiff within the period." *Makedwde*, 37 F.3d at 182.

### III.  Conclusion

For reasons set forth above,

**IT IS ORDERED** that the **"Motion to Dismiss. or in the Alternative, Motion for Summary Judgment" (Doc. No. 5)** filed by Defendant, the New Orleans Metropolitan Convention Visitors Bureau (NOMCVB) and treated as a **Motion for Summary Judgment** be and is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that the **"Motion to Dismiss" (Doc. No. 9)** filed by Defendant, Jazzercise, Inc. and treated as a **Motion for Summary Judgment** be and is hereby **GRANTED.**

New Orleans, Louisiana, this **17th** day of **March**, **2009**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE